Aryeh Kaufman (SBN: 289745)
**LAW OFFICE OF ARYEH KAUFMAN**
5482 Wilshire Blvd. #1907
Los Angeles, CA 90036
P: (323) 943-2566
F: (213) 402-8598
Email: aryeh@akaufmanlegal.com

Attorney for Amicus Curiae
PROFESSOR JOSHUA BLACKMAN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED POULTRY CONCERNS, INC., a Maryland nonprofit corporation, <br><br> Plaintiff, <br><br> v. <br><br> CHABAD OF IRVINE, a California corporation; ALTER TENENBAUM, an individual; and DOES 1 through 50 <br><br> Defendants. | **Case No.:  8:16-cv-01810-AB-GJS** <br><br> **MOTION FOR LEAVE TO FILE BRIEF AS AMICUS CURIAE IN SUPPORT OF DEFENDANTS** <br><br> Action Filed:  Sept. 29, 2016 <br><br> Hearing Date:  October 13, 2016 <br> Time:  10:00 a.m. <br> Courtroom:  4, 2nd Floor |

*Amicus Curiae* Professor Joshua Blackman respectfully requests leave of

this Court to file the accompanying brief, pursuant to the Court's inherent

authority, in support of Defendants on the Plaintiffs' Motion for a Temporary

Restraining Order.

Professor Joshua Blackman (Professor Blackman) is a constitutional law professor at the Houston College of Law, who writes and lectures about federal courts and jurisdictional matters. Professor Blackman became aware of this Court's unprecedented order on Sunday, October 9, 2016. After reviewing it, Professor Blackman worked diligently to retain local counsel and file this brief in roughly thirty-six hours. The purpose of the brief is to bring to the Court's attention significant and dispositive jurisdictional defects in the plaintiffs' motion. Due to the expedited nature of the proceedings, *Amicus curiae* has not yet been able to request consent from the parties. After this brief is filed by the Court's imposed deadline of 8:00 a.m. on Tuesday, October 11, 2016, counsel for *Amicus* will make good faith efforts to obtain consent from both parties. *Amicus curiae* will update the Court once counsel for the Plaintiffs and Defendants have been contacted.

## I.   DISTRICT COURTS HAVE AUTHORITY TO ACCEPT AMICUS BRIEFS.

"Although there is no precise rule in the Federal Rules of Civil Procedure governing the submissions of briefs by amici curiae, it is accepted that it is within the Court's inherent authority to allow such filings." *California Ass'n of Sch. Psychologists v. Superintendent of Pub. Educ.*, No. C-93-2891 DLJ, 1994 WL 224433, at *4 (N.D. Cal. May 17, 1994). The purpose of a brief submitted by *Amicus curiae* is to assist the court "in cases of general public interest by making

suggestions to the court, by providing supplementary assistance to existing

counsel, and by insuring a complete and plenary presentation of difficult issues so

that the court may reach a proper decision." *Newark Branch, N.A.A. C.P. v. Town

of Harrison, N.J.*, 940 F.2d 792, 808 (3d Cir. 1991); *Jin v. Ministry of State

Security*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008) ("district courts have inherent

authority to appoint or deny amici which is derived from Rule 29 of the Federal

Rules of Appellate Procedure") (citations omitted). "District courts frequently

welcome amicus briefs from non-parties . . . if the amicus has unique information

or perspective that can help the court beyond the help that the lawyers from the

parties are able to provide." *Sonoma Falls Developers, L.L.C. v. Nev. Gold &

Casinos, Inc.*, 272 F.Supp.2d 919, 925 (N.D.Cal.2003) (quotations omitted).

Professor Joshua Blackman's brief brings to the court's attention urgent

jurisdictional defects in the Plaintiffs' motion, that compels the vacatur of the

court's order *immediately*.

      If it pleases the court, counsel for *Amicus* is prepared to participate at the

scheduled oral arguments on Thursday, October 13, 2016 at 10:00 a.m. *See In re

Bayshore Ford Truck Sales, Inc.*, 471 F.3d 1233, 1249 n.34 (11th Cir. 2006)

("[D]istrict courts possess the inherent authority to appoint 'friends of the court' to

assist in their proceedings."). Due to the expedited timing of this case during the

period between Rosh Hashanah and Yom Kippur, *Amicus* is ready and prepared to

provide any assistance to the Court to the extent the Defendants cannot. If the court

---

concludes that it lacks jurisdiction, the absence of counsel for Defendants is irrelevant because the court cannot proceed to consider the case at all.

## II.   PLAINTIFFS HAVE NOT MET THEIR BURDEN TO ESTABLISH SUBJECT MATTER JURISDICTION IN THIS CASE

Plaintiffs assert four separate grounds to establish subject matter jurisdiction in this case. None are valid.

First, plaintiffs wildly speculate that over the next decade, if three-hundred chickens are killed annually at a cost of $25 each, the amount in controversy will conveniently exceed $75,000.  Complaint at ¶ 7.   This argument is laughable, and warrants sanctions under Rule 11. There is no principle of federal jurisprudence under which a plaintiff can arbitrarily aggregate speculative damages over the course of a decade to meet the minimum amount in controversy. Even worse, because the plaintiffs were seeking a temporary restraining order to prohibit the imminent Kapparot ritual in October 2016, it is absurd to look out a decade. And why only ten years?  Why not twenty, thirty, or even a century?  If this standard is applied, "any plaintiff filing suit would be allowed to show injury." *Hernandez v. Specialized Loan Servicing, LLC,* No. 14-CV-9404-GW, 2015 U.S. Dist. LEXIS 8695, at *24-*25, (C.D. Cal. Jan. 22, 2015)(*quoting Koller v. W. Bay Acquisitions, LLC,* No. 11-CV-117-CRB, 2012 U.S. Dist. LEXIS 49712, at *20-*21 (N.D. Cal. Apr. 9, 2012) (*quoting Selby v. Bank of Am., Inc*., No. 09-CV-2079-BTM, 2010

U.S. Dist. LEXIS 139966, at *24 (S.D. Cal. Oct. 27, 2010). There is no diversity jurisdiction.

Second, if plaintiffs speculate that if victorious, their attorney's fees may total more than $75,000. Complaint at ¶ 8.  This claim is specious, and flatly contrary to law.  As the Court noted in its order to show cause, "attorney's fees do not satisfy the UCL standing requirement."  Nor do they satisfy the matter in controversy requirement per 28 U.S.C. § 1332(a), which requires the matter to exceed $75,000 "*exclusive of interest and costs*."  If fees could be aggregated in a fantasy-victory, plaintiffs could always artificially manufacture diversity jurisdiction.

Third, plaintiffs write that a "A California court would have subject matter jurisdiction over the claims."  Complaint at ¶ 9.  This is legally irrelevant. California courts are courts of general jurisdiction.  Federal courts are courts of limited subject matter jurisdiction empowered to exercise the judicial power of the United States only when authorized to do so by Congress.  (For a preview of future briefs-to-come if this case is not dismissed, citations to state-court decisions are *not sufficient* to demonstrate an Article III injury.)

Fourth, plaintiffs write that "this case requires resolution of a substantial question of federal law"  because the defendants will "contend their actions are protected by the Free Exercise clause of the First Amendment." Complaint at ¶ 10. This is an elemental error of federal pleading. Under the *Mottley* rule, a well-

pleaded complaint must raise the federal questions *on the face* of the complaint--it is not enough to speculate about what federal questions the defendant *may* raise in response. *Louisville & Nashville Railroad Company v. Mottley*, 211 U.S. 149 (1908). Nothing in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, (2005) 545 U.S. 308, which defendants inexplicable cite, is to the contrary. Indeed, *Grable* does not even reference the canonical *Mottley* rule, which has stood for nearly a century without challenge.

Finally, the Court's order to show cause seems to conflate subject matter jurisdiction and injury for purpose of Article III.  Regardless of whether the plaintiffs have suffered an injury – again, a dubious proposition under Article III even if is permissible in state courts – the threshold inquiry is whether there is federal diversity or federal question subject matter jurisdiction.  Under no set of circumstances have plaintiffs established that this court has jurisdiction to proceed.

Therefore, the temporary restraining order should be vacated immediately.

///

///

///

///

///

///

///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

For all of the reasons stated above, *Amicus curiae* respectfully requests leave to file the attached brief, and for the Court to grant permission for counsel for *Amicus curiae* to participate in oral arguments.

Dated: October 10, 2016

Respectfully submitted,

/s/ Aryeh Kaufman
Aryeh Kaufman
5482 Wilshire Blvd. #1907
Los Angeles, CA 90036
(323) 943-2566
(213) 402-8598 (fax)
Law Office of Aryeh Kaufman

## CERTIFICATE OF SERVICE

Case No.  8:16-cv-01810-AB-GJS

I hereby certify that on October 10, 2016, a copy of the foregoing Motion for Leave to File Brief of Amicus Curiae was filed electronically using the Court's electronic filings system.  I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

<u>/s/ Aryeh Kaufman</u>
Aryeh Kaufman
5482 Wilshire Blvd. #1907
Los Angeles, CA 90036
(323) 943-2566
(213) 402-8598 (fax)
Law Office of Aryeh Kaufman

Date: October 10, 2016

1  Aryeh Kaufman (SBN: 289745)
2  **LAW OFFICE OF ARYEH KAUFMAN**
   5482 Wilshire Blvd. #1907
3  Los Angeles, CA 90036
4  P: (323) 943-2566
   F: (213) 402-8598
5  Email: aryeh@akaufmanlegal.com

6
7  Attorney for Amicus Curiae
   PROFESSOR JOSHUA BLACKMAN

8

9              **UNITED STATES DISTRICT COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11

12 UNITED POULTRY CONCERNS,        **Case No.:  8:16-cv-01810-AB-GJS**
   INC., a Maryland nonprofit corporation,
13
                                   **[PROPOSED] ORDER GRANTING**
14                                 **MOTION FOR LEAVE TO FILE**
              Plaintiff,           **BRIEF OF AMICUS CURIAE AND**
15                                 **PARTICIPATE IN ORAL**
                                   **ARGUMENTS**
16 v.
17
18 CHABAD OF IRVINE, a California
   corporation; ALTER TENENBAUM, an
19 individual; and DOES 1 through 50
20
21            Defendants.
22
23
24        The Court, having considered Professor Joshua Blackman's motion for leave

25 to file amicus curiae brief on behalf of Defendants and participate in oral

26 arguments, and good cause appearing therefore, hereby GRANTS the motion.

27
28
   _____

1 | Dated:
2
3
4 | _____
   | Honorable André Birotte Jr.
5 | United States District Judge
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28