# EXHIBIT D

**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER**

**MINUTE ORDER**

DATE: 08/19/2016                TIME: 02:24:00 PM           DEPT: C34
JUDICIAL OFFICER PRESIDING: Martha K. Gooding
CLERK: Delia Sanchez
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT:

CASE NO: **30-2015-00809469-CU-BT-CJC**  CASE INIT.DATE: 09/11/2015
CASE TITLE: **Animal Protection and Rescue League, Inc. vs. Chabad of Irvine**
CASE CATEGORY: Civil - Unlimited   CASE TYPE: Business Tort

EVENT ID/DOCUMENT ID: 72431441
**EVENT TYPE**: Under Submission Ruling

**APPEARANCES**

There are no appearances by any party.

The Court, having taken the above-entitled matter under submission on 8/15/16 and having fully considered the arguments of all parties, both written and oral, as well as the evidence presented, now rules as follows:

This Action has only one cause action under the Unfair Competition Law and alleges that Defendants are in violations of numerous statutes, laws, ordinances, by virtue of the way they carry out a religious practice known as Kaporos, carried out by certain members of the Jewish faith, which involves the ritual killing of chickens.

The Request for Judicial is granted, but the Ruling attached to the Request has not been considered by the Court in determining this Motion because it has no binding effect on this Court and, as noted in Plaintiff's Objections, it should have been filed with the Motion so that Plaintiff could have an opportunity to respond to it.

The Motion is granted, on the grounds that the Complaint lacks sufficient allegations to confer standing on Plaintiff, and denied on all other grounds. Plaintiff shall file and serve an amended complaint (if it chooses to do so) no later than August 31, 2016.

Further, Plaintiff shall inform the Court whether it intends to proceed with this Action on behalf of the general public, as asserted in the first Paragraph of its Complaint. If it intends to so proceed, Plaintiff shall amend its Complaint (also no later than August 31, 2016) to comply with Business and Professions Code Section 17203, i.e., to allege facts sufficient to bring the claims as a class action under CCP Section 382. If Plaintiff do not intend to so proceed, it shall amend its Complaint to delete that allegation.

CASE TITLE: Animal Protection and Rescue League, Inc. vs. Chabad of Irvine    CASE NO: **30-2015-00809469-CU-BT-CJC**

Case 8:16-cv-01810-AB-GJS   Document 50-4   Filed 11/07/16   Page 3 of 4   Page ID #:349

Both parties cite to *Church of Lukumi Babau Aye, Inc. v. City of Hialeah* (1993) 508 U.S. 520. However, Defendant has not shown it to be dispositive. Under *Lukumi*, the Court cannot rule that, as a matter of law, all of the various statutes, ordinances, etc. upon which liability under the UCL is alleged are not neutral and of general applicability, that they are motivated only against religious beliefs, and that they are not narrowly tailored to accomplish the asserted governmental interests. Defendant has not shown otherwise

Defendant has not addressed each law, ordinance, etc. that is alleged as a basis of liability. It therefore has not shown that they are not neutral and of general application, etc. Indeed they all appear to be neutral and of general application: they do not, as in *Lukumi*, appear to have as their object the suppression of the religious practices of Defendant, do not appear to be directed only against conduct motivated by religious belief, and do appear to be narrowly tailored to accomplish the asserted government interests. Defendant has not addressed the government interests asserted for each of the law, ordinances, etc. and therefore has not discussed the relevant factors set forth in *Lukumi*. And, Plaintiff is correct that Defendant does not challenge the facial validity of the laws and ordinances referred to in the Complaint, which appear to be based on general regulations concerning such things as adequate care, conditions, treatment and disposal. As noted by Plaintiff, also, here the laws and ordinances are not drafted to forbid a few killings, i.e. only those occasioned by religious sacrifice.

It is possible that Plaintiff may be able to establish standing by alleging facts showing that it has diverted significant resources to stop illegal activities. *See Animal Defense Fund v. LT NAPA Partners* (2015) 234 Cal. App. 4th 1270, 1281. Notably, Defendant has not addressed this case. However, the allegations here are mere legal and factual conclusions, rather than facts, and they are not time specific. Plaintiff does not allege what resources and funds have been expended or diverted, and at what point in time, and what they have been expended on, so as to confer standing. More is required than is alleged here.

Citing *Animal Legal v. Mendes* (2008) 160 Cal. App. 4th 136, in its Reply, Defendant argues that, because there is a comprehensive scheme for enforcement of anticruelty laws, the Legislature intended that those laws not be enforceable through a private right of action in civil court. But, again, Defendant fails to address all the allegations of the Complaint. It may be that an action is precluded based on animal cruelty laws and statutes, but Plaintiff has not brought this action only with regard to animal cruelty laws, but with regard to discharging waste under Cal. Water Code Section 13260, discharging air contaminants under Cal. Food & Agriculture Code Section 19010(a), etc. Defendant also cites *Animal Legal Defense Fund v. California Exposition* (2015) 239 Cal. App. 4th 1286, in its Reply on the standing issue, but that case dealt with taxpayer standing, not standing under the UCL.

Both of the Parties have failed to present sufficient legal authority for the Court to determine whether or not Defendant is a business within the meaning of the UCL. Under Black's Law Dictionary, Seventh Edition, a business is defined to include "A commercial enterprise carried on for profit; a particular occupation or employment habitually engaged in for livelihood or gain". Here, it is alleged that the Defendant sells the chickens for a profit, which may be construed as an occupation for gain. This is an issue for another day, as the allegations are sufficient on a Motion for Judgment on the Pleadings.

The Court vacates the trial date September 19, 2016 and schedules a further Case Management Conference for September 12, 2016 at 1:30 p.m., to coincide with the hearing date on the pending discovery motions.

Case 8:16-cv-01810-AB-GJS   Document 50-4   Filed 11/07/16   Page 4 of 4   Page ID #:350

CASE TITLE: Animal Protection and Rescue League, Inc. vs. Chabad of Irvine

CASE NO: **30-2015-00809469-CU-BT-CJC**

Court orders clerk to give notice.

DATE: 08/19/2016
DEPT: C34

MINUTE ORDER

Page 3
Calendar No.
DEFENDANTS' MOTION TO DISMISS
APPENDIX 60