Prepared By:
Michael Jones, CA Bar No. 271574
M. Jones & Associates, PC
505 North Tustin Ave, Suite 105
Santa Ana, CA 92705
Telephone: (714) 795-2346
Facsimile: (888) 341-5213
Email: mike@MJonesOC.com
Attorney for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

**UNITED POULTRY CONCERNS,**

Plaintiff,

v.

**CHABAD OF IRVINE; ALTER TENENBAUM, IN HIS INDIVIDUAL, CAPACITY; DOES 1 THROUGH 50,**

Defendants.

Case No. **8:16-CV-01810**-AB-(GJS)

**DEFENDANTS' ANTI-SLAPP MOTION TO STRIKE COMPLAINT**

**HEARING**
**Date: 23 January 2017**

**Time: 10:00 AM**

ASSIGNED TO HON. ANDRÉ BIROTTE JR., District Judge; HON. GAIL J. STANDISH, Magistrate Judge

# TABLE OF CONTENTS


**I. FACTUAL AND PROCEDURAL BACKGROUND .............................. 5**

**II. STANDARD OF REVIEW .............................. 5**

**III. ARGUMENT .............................. 5**

A. Plaintiff's Suit Arises From Chabad's Constitutionally Protected Religious Speech. .............................. 6

B. Plaintiff Cannot Meet Its Burden of Establishing a Likelihood of Prevailing on Its Sole Claim. .............................. 12

C. If Successful on the Anti-SLAPP Motion, Chabad is Entitled to Fees. .............................. 13

**IV. CONCLUSION .............................. 13**

# TABLE OF AUTHORITIES

## Cases

*Birkner v. Lam*,
67 Cal. Rptr. 3d 190 .......... 6

*Capitol Square Review & Advisory Bd. v. Pinette*,
515 U.S. 753 .......... 6

Cross v. Cooper,
127 Cal. Rptr. 3d 903 .......... 10

*DVD Copy Control Ass'n, Inc. v. Bunner*,
75 P.3d 1 .......... 8

*Golden Gateway Ctr. v. Golden Gateway Tenants Ass'n*,
29 P.3d 797 .......... 8

*Hilton v. Hallmark Cards*,
599 F.3d 894, 903 (9th Cir. 2010) .......... 6, 9

*Lauter v. Anoufrieva*,
642 F. Supp. 2d 1060 6

*Makaeff v. Trump Univ., LLC*,
715 F.3d 254, 261 (9th Cir. 2013) .......... 5

*Nygard, Inc. v. Uusi-Kerttula*,
72 Cal. Rptr. 3d 210 .......... 9

*Rivero v. Am. Fed'n of State, Cty. & Mun. Emps., AFL-CIO*,
130 Cal. Rptr. 2d 81 .......... 9

*Rogers v. Home Shopping Network, Inc.*,
57 F. Supp. 2d 973, 984 (C.D. Cal. 1999) .......... 4

*S. Or. Barter Fair v. Jackson Cty.*,
372 F.3d 1128 .......... 7

*Savage v. Trammell Crow Co.*,
273 Cal. Rptr. 302 .......... 8

*United States ex rel. Newsham v. Lockheed Missiles & Space Co.*,
190 F.3d 963, 971-72 (9th Cir. 1999) .......... 4

**Statutes**

California Business and Professions Code § 17203 .......... 11

California Code of Civil Procedure § 425.16 .......... 3, 5, 8, 11

California Penal Code § 597(a) .......... 11

**Constitutional Provisions**

Cal. Const., art. I § 2(a) .......... 8

Defendants Chabad of Irvine and Rabbi Alter Tenenbaum (collectively, "Chabad") hereby move to strike Plaintiff's Complaint under California's anti-Strategic Lawsuit Against Public Participation ("anti-SLAPP") statute, found at California Code of Civil Procedure § 425.16. The purpose of the anti-SLAPP statute is to deter lawsuits like this one that seek to chill lawful First Amendment activity.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Chabad incorporates the factual and procedural background from its Motion to Dismiss the Complaint filed concurrently.

## II. STANDARD OF REVIEW

California's anti-SLAPP statute may be invoked in federal court. *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 971-72 (9th Cir. 1999). Because this anti-SLAPP motion is based upon deficiencies in the Complaint, the Federal Rule of Civil Procedure 12(b)(6) standard of review applies. *Rogers v. Home Shopping Network, Inc.*, 57 F. Supp. 2d 973, 984 (C.D. Cal. 1999).

## III. ARGUMENT

Under the anti-SLAPP statute, this Court must strike a "cause of action against a person arising from any act of that person in furtherance of the person's right of . . . free speech under the United States Constitution or the California Constitution in connection with a public issue," unless "the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." Cal. Code Civ. P. § 425.16(b)(1).

The Ninth Circuit's analysis of California's anti-SLAPP motion involves two steps. First, "the moving defendant must make a prima facie showing that the plaintiff's suit arises from an act in furtherance of the defendant's constitutional right to free speech." *Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 261 (9th Cir. 2013). Then, the burden shifts to the plaintiff "to establish a reasonable probability that it will prevail on its claim in order for that claim to survival dismissal." *Id.* Here, Plaintiff's claim implicates Chabad's free speech rights under both the United States Constitution and the California Constitution, and Plaintiff cannot meet its burden of establishing a likelihood of prevailing on its sole cause of action.

### A. Plaintiff's Suit Arises From Chabad's Constitutionally Protected Religious Speech.

Plaintiff's claim implicates Chabad's constitutionally protected speech. Courts must "construe the anti-SLAPP statute broadly to protect the constitutional rights of petition and free speech." *Anderson v. Geist*, 186 Cal. Rptr. 3d 286, 290 (Cal. Ct. App. 2015). For a cause of action to be considered "arising from" an act in furtherance of free speech rights, courts look to the *defendant's activity*, rather than the *plaintiff's claims*. *See Navellier v. Sletten*, 52 P.3d 703, 711 (Cal. 2002) ("The anti-SLAPP statute's definitional focus is not on the form of the plaintiff's cause of action but, rather, the defendant's *activity* that gives rise to his or her asserted liability—and whether that activity constitutes protected speech or petitioning."); *Birkner v. Lam*, 67 Cal. Rptr. 3d 190, 198 (Cal. Ct. App. 2007) (holding that the analysis focuses on defendant's activity regardless of whether plaintiff alleges it to be "unlawful or unethical"); *Lauter v. Anoufrieva*, 642 F. Supp. 2d 1060, 1108 (C.D. Cal. 2008) (same). Thus, the question before the Court is whether Chabad's religious Kapparot ceremony is "in furtherance" of the exercise of free speech rights, which includes "actual exercises of free speech rights" and "also conduct that furthers such rights." *Hilton v. Hallmark Cards*, 599 F.3d 894, 903 (9th Cir. 2010).

As the Supreme Court has consistently held, religious speech and expression are protected under the free speech clause of the U.S. Constitution. *See Capitol Square Review & Advisory Bd. v. Pinette*, 515 U.S. 753, 760 (1995) ("Our precedent establishes that private religious speech, far from being a First Amendment orphan, is as fully protected under the Free Speech Clause as secular private expression."). Moreover, the Ninth Circuit regards religious ceremonies that convey religious messages to be clearly expressive activity protected under the First Amendment. *S. Or. Barter Fair v. Jackson Cty.*, 372 F.3d 1128, 1135 (9th Cir. 2004) (listing "religious ceremonies" as an example of clearly expressive activity); *Kaahumanu v. Hawaii*, 682 F.3d 789, 799 (9th Cir. 2012) (holding wedding ceremonies are "protected expression" because they always convey messages). Religious ceremonies are by definition expressive because they are "imbued with elements of communication." *Texas v. Johnson*, 491 U.S. 397, 404 (1989). Even under the limited facts plead in the Complaint, it is clear that "an intent to convey a particularized message [i]s present," and the likelihood is great that "the message would be understood by those who viewed it." *Id.* at 404; *see Hilton*, 599 F.3d at 904 (holding this *Johnson* test to be sufficient, but not necessary for the anti-SLAPP). The Complaint alleges that participants gather together each

year with a spiritual leader to perform the Kapparot religious ceremony in which they "transfer their sins to the animal." Compl. ¶¶ 4, 22, Dkt. No. 1. Thus, Chabad's ceremony is speech protected under the federal Constitution.

Chabad's religious expression is also protected under California's free speech clause, which is "more definitive and inclusive than the First Amendment." *Golden Gateway Ctr. v. Golden Gateway Tenants Ass'n*, 29 P.3d 797, 801 (Cal. 2001) (quoting *Wilson v. Superior Court*, 532 P.2d 116, 120 (Cal. 1975)). The clause protects every person's right to "speak, write and publish his or her sentiments *on all subjects*." Cal. Const., art. I § 2(a) (emphasis added). Religious expression is protected in the same way as political or other ideological expression. *Savage v. Trammell Crow Co.*, 273 Cal. Rptr. 302, 310 (Cal. Ct. App. 1990). As the California Supreme Court held, free speech protects "[a]ll ideas having even the slightest redeeming social importance, including those concerning the advancement of truth, science, morality, and arts." *DVD Copy Control Ass'n, Inc. v. Bunner*, 75 P.3d 1, 10, 19 (Cal. 2003) (internal quotation marks omitted). The California Supreme Court maintains this broad view of speech in the anti-SLAPP context as well. The Ninth Circuit noted that "[i]t seems to suffice" for the purpose of the statute "that the defendant's activity is

communicative." *Hilton*, 599 F.3d at 904. Thus, under either Constitution, Chabad's religious ceremony is protected as speech or as conduct in furtherance of speech.

Finally, Chabad's expression was exercised in connection with a public issue. *See* Cal. Civ. P. Code § 425.16(e)(3)-(4). The Ninth Circuit has affirmed that courts must construe the anti-SLAPP statute's "public issue or issue of public interest" element "broadly." *Hilton*, 599 F.3d at 906. The fact that an issue does not involve a public official or "pertai[n] to the heart of self-government" does not mean that it is not in the public interest. *Id.* at 905. The statute can apply even to "events that transpire between private individuals." *Id.*

California intermediate courts have adopted different tests to distinguish between "merely private" and "public" matters. *Id.* at 906; *see e.g.*, *Nygard, Inc. v. Uusi-Kerttula*, 72 Cal. Rptr. 3d 210, 220 (Cal. Ct. App. 2008) (defining public interest as "any issue in which the public is interested") (emphasis removed); *Rivero v. Am. Fed'n of State, Cty. & Mun. Emps., AFL-CIO*, 130 Cal. Rptr. 2d 81, 90 (Cal. Ct. App. 2003) (defining public interest as involving a public figure, affecting "a large number of people," or concerning "a topic of widespread, public interest"); *Weinberg v. Feisel*, 2 Cal. Rptr. 3d 385, 392 (Cal. Ct. App. 2003) (listing a

variety of requirements for distinguishing between "merely private" and "public" speech). These tests aim to protect speech that is not purely private, but would be of concern to the public.

Regardless of the test chosen, this lawsuit transcends the normal private party dispute over monetary matters — this is a public policy case. The expression at issue here directly involves religious speech, the rights of places of worship, the performance of the Kapparot ceremony, and the rights of the Orthodox Jewish community at large. Plaintiff seeks to bar a religious ceremony through this lawsuit. These issues are topics of "concern to a substantial number of people" beyond the parties in this suit. *Hilton*, 599 F.3d at 906 (quoting *Weinberg*, 2 Cal. Rptr. 3d at 392); *see also Church of Scientology v. Wollersheim*, 49 Cal. Rptr. 2d 620, 633 (Cal. Ct. App. 1996) (holding issues concerning the Church of Scientology to be "of public interest" as the Church "may impact the lives of many individuals"), *disapproved in part on other grounds by Equilon Enter. v. Consumer Cause, Inc.*, 52 P.3d 685, 694 (Cal. 2002).

As reported in *Cross v. Cooper*, California courts have held speech or expression concerning the following topics to be of interest to the public:

> [T]he look, sound, and lifestyles of indie rock bands; the pros and cons of plastic surgery; the survival of local hospitals; inappropriate relationships between adults and minors;

> relationships between men and women; animal testing; second-parent adoptions, particularly in the gay and lesbian community; unlawful dispensing of prescription drugs; molestation of child athletes by coaches; and domestic violence.

127 Cal. Rptr. 3d 903, 913 n.10 (Cal. Ct. App. 2011) (parenthetical text included, citations omitted). Here, as alleged in the Complaint, the Kapparot ceremony is not a purely private matter; it is a public ceremony that allows religious individuals in the community to celebrate together. The Complaint alleges that up to 300 people participate each year and that Chabad would permit non-members of the congregation such as Steinau to participate. Compl. ¶¶ 7, 26, Dkt. No. 1. Religious ceremonies concern far more people than the Chabad's yearly participants. For all the foregoing reasons, the anti-SLAPP statute protects Chabad's expression.

### B. Plaintiff Cannot Meet Its Burden of Establishing a Likelihood of Prevailing on Its Sole Claim.

Because Chabad has met the first prong of the anti-SLAPP statute, the burden shifts to the Plaintiff to prove that there is a probability that it will prevail on its claim. As demonstrated by Chabad's Motion to Dismiss, Plaintiff's Complaint is legally deficient. Chabad incorporates that motion by reference here, including the arguments that Plaintiff's claim must fail for lack of subject-matter jurisdiction and Plaintiff has failed to state a claim

under California Penal Code § 597(a) and California Business and Professions Code § 17203. The Court must strike the Complaint.

### C. If Successful on the Anti-SLAPP Motion, Chabad is Entitled to Fees.

If Chabad is successful on this anti-SLAPP motion, fee shifting is statutorily required. Cal. Civ. P. Code § 425.16(c)(1) ("[A] prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs.").

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court strikes the Complaint and award attorneys' fees to Chabad.

Dated this November 7, 2016.

Respectfully submitted,

**M Jones and Associates, PC**
Attorneys for Defendants

Michael Jones

Hiram S. Sasser, III*
hsasser@firstliberty.org
Jeremy Dys*
jdys@firstliberty.org
Stephanie N. Phillips
staub@firstliberty.org
California Bar No. 301324
**FIRST LIBERTY INSTITUTE**
2001 West Plano Parkway,
Suite 1600
Plano, TX 75075
Telephone: (972) 941-4444
Facsimile: (972) 941-4457

Attorneys for Defendants

*To be admitted Pro Hac Vice

Matthew T. Martens*
matthew.martens@wilmerhale.com
Gregory Boden
gregory.boden@wilmerhale.com
California Bar Number 301779
Kevin Gallagher*
kevin.gallagher@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 663-6921
Fax: (202) 663-6363

Attorneys for Defendants

# CERTIFICATE OF NOTICE

Plaintiff was on notice of Chabad's intention to file this Anti-SLAPP motion because Chabad raised this motion initially in its Opposition to Plaintiff's Preliminary Injunction Motion on October 11, 2016.

Dated this November 7, 2016.

**M Jones and Associates, PC**
Attorneys for Defendants

Michael Jones