David R. Simon (SBN 145197)
**SIMON LAW GROUP**
17595 Harvard Avenue, Suite C515
Irvine, CA 92614
Ph. (714) 975-1728

Bryan W. Pease (SBN 239139)
**LAW OFFICE OF BRYAN W. PEASE**
3170 Fourth Ave., Suite 250
San Diego, CA 92103
Ph. (619) 723-0369

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

UNITED POULTRY CONCERNS, a
Maryland nonprofit corporation,

          **Plaintiff,**

        vs.

CHABAD OF IRVINE, a California
corporation; ALTER TENENBAUM, an
individual; and DOES 1 through 50,

          **Defendants.**

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**CASE NO. 8:16-cv-01810**

**DECLARATION OF BRYAN
PEASE IN OPPOSITION TO
DEFENDANTS' MOTION TO
DISMISS AND ANTI-SLAPP
MOTION**

I, Bryan Pease, declare:

      1.    I am an attorney licensed to practice before all state and federal courts in
California and am an attorney of record for Plaintiff in the above captioned action. I make
the following declaration of my own personal knowledge.

2.      Attached hereto as Exhibit A is a true and correct copy of the emails between counsel for the parties herein which constituted the meet and confer required by L.R. 7-1 prior to filing any motion. Defendants' Anti-SLAPP Motion is not mentioned, nor did Defendants ever meet and confer with Plaintiff's counsel about any anti-SLAPP motion.

3.      Attached hereto as Exhibit B is a true and correct copy of the state court order in *Animal Protection and Rescue League v. Chabad of Irvine* denying the anti-SLAPP motion Chabad of Irvine brought in that case.

4.      Attached hereto as Exhibit C is a true and correct copy of a recent Los Angeles Superior Court ruling noting that my billable rate for public interest cases could reasonably be as high as $600 per hour.

5.      Attached hereto as Exhibit D is a true and correct copy of a June 2016 order from the U.S. District Court for the Southern District of California finding that my billable rate for San Diego at that time was $425 per hour and David Simon's was $475 per hour, which the Court increased $50 per hour from its previous fee order in September 2015.

I declare under penalty of perjury of the laws of the United States the foregoing is true and correct.

Dated: Jan. 3, 2017                    By: _____

                                            Bryan Pease

# Exhibit A

 **Gmail**

Bryan Pease <bryanpease@gmail.com>

---

## UPC v. Chabad of Irvine

**Mr. Michael Jones** <mike@mjonesoc.com>                                    Mon, Nov 7, 2016 at 2:40 PM
To: Bryan Pease <bryanpease@gmail.com>
Cc: David Simon <dsimon1027@gmail.com>

I'm setting them for 1/23, as requested.

They should be filed within the new few minutes.

M J

> On Nov 4, 2016, at 2:35 PM, Bryan Pease <bryanpease@gmail.com> wrote:
>
> How about 1/23, as 1/16 is MLK? I just received notice of a motion hearing in OC on 12/5, so that date is out now anyway.
> -b

> On Fri, Nov 4, 2016 at 2:02 PM, Mr. Michael Jones <mike@mjonesoc.com> wrote:
>> I think that will be fine.
>>
>> What date in January would you like to use?
>>
>> Thanks.
>>
>> Michael Jones
>>
>> M. Jones and Associates, PC
>> Orange County, California
>> http://mjonesoc.com
>> 714-795-2346
>> mike@mjonesoc.com

>>> On Nov 4, 2016, at 12:22 PM, Bryan Pease <bryanpease@gmail.com> wrote:
>>>
>>> Hi Mike,
>>>
>>> We haven't heard from you yet about confirming the December 5 date, and I'd like to see if we can agree on a date the following month instead to hear both your 12(b) motion and our motion for preliminary injunction. Dave and I have a trial coming up December 6 in LA in a matter we hoped would settle, but it has not. As such, we're going to be too tied up this month preparing and exchanging trial materials to work on briefs in this case. Since there is nothing imminently happening in the case, pushing the substantive hearings to January should not pose a problem. Please let me know if there are dates that work for you.
>>>
>>> -b
>>>
>>> On Thu, Oct 27, 2016 at 1:33 PM, Mr. Michael Jones <mike@mjonesoc.com> wrote:
>>>> Let me verify the 5 December date, but I think that will probably be fine.
>>>>
>>>> Also, let me propose that we file the responsive pleading on or before 7 November. That way, we can schedule everything for the same hearing date of 5 December.

Is that agreeable with you?

Thanks.

Michael Jones

M. Jones and Associates, PC
Orange County, California
http://mjonesoc.com
714-795-2346
mike@mjonesoc.com

> On Oct 27, 2016, at 2:17 PM, Bryan Pease <bryanpease@gmail.com>
> wrote:
>
> I'm sorry, I meant to say December 5, as the Court hears motions on
> Mondays. What are you proposing for a briefing schedule on your 12(b)
> motion if we use that date and you get an extension to file it? Frankly I'm
> surprised you need such an extension with several lawyers now on the case.
> -b

> On Thu, Oct 27, 2016 at 12:10 PM, Mr. Michael Jones
> <mike@mjonesoc.com> wrote:
>> Ye, the December 7 date will work.
>>
>> I also just send over a request for a 10 day extension on the responsive
>> pleading in the case.  I'm traveling in Houston, TX, on another case right
>> now, and would surely appreciate the additional time to put everything
>> together.
>>
>> I doubt you'll be surprised by anything in the response, so I believe that we
>> can still stipulate to using the 7 December date if you are ok with that.
>>
>> May I prepare a stipulation for the requested extension?
>>
>> Thanks.
>>
>> Michael Jones
>>
>> M. Jones and Associates, PC
>> Orange County, California
>> http://mjonesoc.com
>> 714-795-2346
>> mike@mjonesoc.com

>> On Oct 27, 2016, at 11:48 AM, Bryan Pease
>> <bryanpease@gmail.com> wrote:
>>
>> Hi Mike,
>>
>> Again, how does December 7 look for plaintiffs' motion for
>> preliminary injunction and Defendant's 12(b) motion?
>>
>> -b

>> On Mon, Oct 24, 2016 at 9:12 AM, Bryan Pease
>> <bryanpease@gmail.com> wrote:

Hi Mike,

I've already made different plans based on your client's stated unavailability on that date. How does December 7 look?

Regarding *Lukumi,* while one of the four challenged ordinances was not specifically targeted at religious sacrifice and did contain a single exemption for small commercial slaughter operations, the Supreme Court pointedly declined to decide whether this ordinance "could survive constitutional scrutiny if it existed separately." In the 23 years since *Lukumi* was decided, the lower courts have not taken the extreme position advocated by First Liberty that any exemption to a general law requires an analogous religious exemption.

As your clients have begun performing the ceremony in a licensed slaughterhouse and using the birds for food, which is also what their religion instructs they are supposed to do, and our lawsuit does not target religious motivation or ceremonies involved when the animals are used for food as the statute allows, please let us know if your clients would instead like to stipulate to an injunction that would allow them to continue performing the ceremony accordingly and only prevent them from killing animals when not used for food.

-b

On Mon, Oct 24, 2016 at 7:39 AM, Mr. Michael Jones <mike@mjonesoc.com> wrote:
> Actually, it looks like the proposed schedule will work after all.
>
> So, Plaintiff will file its opening brief on Oct. 31. Our opposition will be due Nov. 14 with Plaintiff's reply due Nov. 21. The hearing will be on Nov. 28.
> We will also file our responsive pleadings regarding the complaint on Oct. 31, most likely in the form of a Rule 12 motion.
>
> Regarding the Rule 12 motion, I would also like to inquire as to whether you would be willing to simply dismiss your complaint in the District Court? The District Court cannot enjoin a religious practice prohibited by a state statute, if there are exemptions to the general law, as is the case here. The Supreme Court has ruled on the exact issue in the case of Church of Lukumi Babalu Aye v. City of Hialeah, 508 U.S. 520 (1993). That is conclusive, and firmly established, authoritative law from the highest court in the land.
>
> Please let me know regarding the possibility of a dismissal, as well as to confirm the scheduling under discussion.
>
> Thanks.
>
> Michael Jones
>
> M. Jones and Associates, PC
> Orange County, California

http://mjonesoc.com
714-795-2346
mike@mjonesoc.com

On Oct 23, 2016, at 9:51 PM, Bryan
Pease <bryanpease@gmail.com> wrote:

How about 12/5, with briefing schedules
pushed forward a week accordingly?
-b

On Fri, Oct 21, 2016 at 5:22 PM, Mr.
Michael Jones <mike@mjonesoc.com>
wrote:
Good afternoon.

The Rabbi isn't available on that date.
While it isn't an evidentiary hearing, I
think we would prefer a hearing date that
he could attend.

Can you provide an alternate date?

M J

On Oct 19, 2016, at 11:34
AM, Bryan Pease
<bryanpease@gmail.com>
wrote:

Hi Mike,

I'd like to have our
preliminary injunction
hearing on 11/28, with our
brief due 10/31, opposition
due 11/14, and reply due
11/21. Please let me know
if that works for you.

-b

--
Bryan W. Pease
Attorney at Law (lic.: CA &
NY)
3170 Fourth Ave., Suite
250
San Diego, CA 92103
Tel: 619-723-0369
www.bryanpease.com

Exhibit B

1   Leslie Keith Kaufman (Bar # 109335)
            Law Offices of
2         Kaufman & Kaufman
         1001 North Ross Street
3     Santa Ana, California 92701-3315
            (714) 550-9305
4

5   Attorneys for     Defendant CHABAD OF IRVINE

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

10

11  ANIMAL PROTECTION AND RESCUE      (    CASE NO. 30-2015-00809469-CU-BT
    LEAGUE,INC., a California         )
12  nonprofit corporation,           (    NOTICE OF RULING ON DEFENDANT'S
                                      )    ANTI-SLAPP MOTION TO STRIKE
13            Plaintiff,             (    PLAINTIFFS' COMPLAINT
                                      )    [CCP §425.16]
14     vs.                           (
                                      )
15  CHABAD OF IRVINE, a              (
    California corporation;          )
16  THE CHABAD HEBREW ACADEMY-       (
    LUBAVITCH OF ORANGE COUNTY       )    Hon. Martha K. Gooding
17  a California corporation; and    (
    DOES 1 through 50,               )    DATE:  January 25, 2016
18                                    (    TIME:  1:30 P.M.
              Defendant.             )    DEPT:  34
19  _____ (

20

21       TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

22       Defendant Chabad of Irvine's Anti-Slapp Motion to Strike the

23  Complaint came on regularly for hearing in Department C-34 of the

24  above-captioned Court, the Honorable Martha K. Gooding presiding.

25  Leslie Keith Kaufman, Esq. of Kaufman & Kaufman appeared on behalf

26  of Defendant, CHABAD OF IRVINE, ; and Bryan W. Pease, Esq. of Law

27  Offices of Bryan W. Pease appeared on behalf of Plaintiff ANIMAL

28  PROTECTION AND RESCUE LEAGUE,INC.

1        The Court's tentative ruling was as follows:

2

3        The Special Anti-SLAPP Motion to Strike filed by
         Defendant Chabad of Irvine is DENIED.  Defendant failed
         to make a threshold showing that Plaintiff's claims arise
4        from acts in furtherance of the Defendants' right of free
         speech or right of petition under one of the categories
5        set forth in section CCP §425.16(e).  Defendant asserts
         anti-SLAPP protection under CCP §425.16(e)(4), which
6        protects "any other conduct in furtherance of the
         exercise of the constitutional right of petition or the
7        constitutional right of free speech in connection with a
         public issue or an issue of public interest."  However,
8        Defendant has not cited, and the court has not located,
         a case where a religious practice is subject to
9        protection under CCP § 425.16(e)(4).  The right to free
         exercise of religion is not protected by the anti-SLAPP
10       statute.  See, Castillo v. Pacheco (2007) 150 Cal.App.4th
         242, 250.  The activity at issue here is conduct in
11       further of free exercise of religion.

12

13       The Court heard oral arguments from both parties, and Ordered

14  that the tentative Ruling would become the Court's final Order

15

16  Dated:    January 25, 2016        Law Offices of
                                      Kaufman & Kaufman
17

18

19                         by      _____
                                   Leslie Keith Kaufman,
20                                 Attorneys for Chabad of Irvine

21

22

23

24

25

26

27

28

# Exhibit C

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 11/17/16 | | | | DEPT. 82 |
|---|---|---|---|---|
| HONORABLE MARY H. STROBEL | JUDGE | N. DIGIAMBATTISTA | | DEPUTY CLERK |
| HONORABLE 6 | JUDGE PRO TEM | | | ELECTRONIC RECORDING MONITOR |
| B. HALL C/A | Deputy Sheriff | B. JAMES, CSR# 9296 | | Reporter |

| 1:30 pm | BS156189<br><br>GRASSROOTS COALITION<br>VS<br>COUNTY OF LOS ANGELES | Plaintiff   TODD T. CARDIFF (X)<br>Counsel   BRYAN W. PEASE (X)<br><br>Defendant<br>Counsel   CHRISTOPHER M. PISANO (X) |
|---|---|---|

### NATURE OF PROCEEDINGS:

examples of fee awards in CPRA litigation. O'Connor
does submit evidence of the following prior fee
awards for attorneys Cardiff and Pease: (1) in 2015,
the City of San Diego stipulated to an hourly rate
of $400 for appellate fees in an environmental
litigation, Animal Protection and Rescue League
(APRL) v. City of San Diego; (2) in a declaration
filed in June 2013, Cardiff stated he settled an
environmental case in Los Angeles and received a
settlement fee award based on a $300 hourly rate;
and (3) in March 2012, the trial judge in the APRL
case approved Cardiff's and Pease's hourly rates of
$300 and $275, respectively. (Id. ¶¶ 53-55, Exh.
A-C.)

Attorney Pisano, counsel for Respondent, states that
his firm has billed Respondent for this case at a
rate of $295 per hour for partners, $250 per hour
for senior counsel, and $180 per hour for
associates. Pisano indicates that the majority of
his clients are government agencies. (Pisano Decl. ¶
16.) As indicated by O'Connor, the rates charged by
the Best Best & Krieger firm are likely lower than
what a government agency would charge for a single
assignment, as BBK and similar defense firms may
charge rates under contract with the expectation of
repeat business. (O'Connor Decl. ¶ 46.)

Cardiff and Pease are experienced attorneys and
perhaps could reasonably charge up to $600 for more

MINUTES ENTERED
11/17/16
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 11/17/16 | | | DEPT. 82 |
|---|---|---|---|
| HONORABLE MARY H. STROBEL | JUDGE | N. DIGIAMBATTISTA | DEPUTY CLERK |
| HONORABLE 6 | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| B. HALL C/A | Deputy Sheriff | B. JAMES CSR# 9296 | Reporter |

| 1:30 pm | BS156189 | Plaintiff Counsel | TODD T. CARDIFF (X) BRYAN W. PEASE (X) |
|---|---|---|---|
| | GRASSROOTS COALITION VS COUNTY OF LOS ANGELES | Defendant Counsel | CHRISTOPHER M. PISANO (X) |

**NATURE OF PROCEEDINGS:**

complex civil rights or environmental protection
cases in Los Angeles. However, this CPRA case was
litigated to a bench trial and appears to have been
less complex than the examples discussed by Sobel
and Cardiff. Respondent also does not submit
evidence of the prevailing rates for CPRA cases. The
rates charged by BBK provide some evidence of a
lower limit. The court considers that the parties in
APRL v. City of San Diego negotiated, presumably at
arms' length, to appellate hourly rates of $400 in
2015. Contrary to Petitioner's assertion in reply,
that stipulated award provides some evidence of the
reasonable hourly rates for Cardiff and Pease,
albeit for the San Diego market and for
environmental litigation. (Reply 3-4.) Considering
all evidence and the court's knowledge of this CPRA
action, the court finds that the reasonable hourly
rates for Cardiff and Pease are $450 and $400,
respectively.

Reasonable Number of Hours

"'[W]hile the degree of the plaintiff's success in
obtaining the objectives of the litigation is a
factor that the trial court may consider in
determining an award of reasonable attorney fees
under a fee statute [citations], including the CPRA
fee statute (§ 6259, subd. (d)), ... there is no
requirement that the trial court make an award of
attorney fees in an amount that is commensurate with

Page 10 of 30      DEPT. 82

MINUTES ENTERED
11/17/16
COUNTY CLERK

# Exhibit D

1

2

3

4                        UNITED STATES DISTRICT COURT

5                       SOUTHERN DISTRICT OF CALIFORNIA

6

7    SAN DIEGO PUPPY, INC., a          Case No.:  13-cv-2783-BTM-DHB
     California corporation; DAVID
8    SALINAS and VERONICA              **ORDER GRANTING MOTIONS FOR**
     SALINAS, husband and wife,        **ATTORNEY'S FEES**
9                          Plaintiffs,

10   v.

11   SAN DIEGO ANIMAL DEFENSE
     TEAM, business entity of unknown
12   form; ANIMAL PROTECTION AND
     RESCUE LEAGUE, a California
13   501(c)(3) corporation;
     COMPANION ANIMAL
14   PROTECTION SOCIETY,
     Delaware non-profit corporation;
15   BRYAN PEASE, a California
     resident,
16                         Defendants.

17

18        Defendants Animal Protection and Rescue League ("APRL") and Bryan

19   Pease ("Pease") have filed motions for attorney's fees under Cal. Civ. Proc. Code

20   § 425.16 for their oppositions to Plaintiffs' motion for reconsideration of the Court's

                                         1

                                                        13-cv-2783-BTM-DHB

Order granting Defendants' special motions to strike. Plaintiffs have not filed any opposition.

Based on the record, the Court finds that the hourly rate for the Defendants' attorneys have increased from that awarded by the Court in its order dated September 28, 2015 by approximately $50 per hour. Therefore, the Court finds that $400 per hour is a reasonable hourly rate for attorney Todd T. Cardiff, $425 per hour is a reasonable hourly rate for attorney Bryan Pease, and $475 per hour is a reasonable hourly rate for attorney David Simon.

Having reviewed the hours billed by APRL's attorneys, Bryan Pease and David Simon, the Court finds that some of the work completed by the two attorneys are duplicative. Therefore, the Court makes the following reductions in the hours billed by David Simon:

| Date | Time Billed | Description |
|---|---|---|
| 11/25/15 | 1.20 | Review Plaintiffs' Motion for Reconsideration and supporting papers |
| 11/27/15 | 1.50 | Review and revise APRL's opposition to motion for reconsideration |
| 11/27/15 | 0.35 | Review and analyze oppositions filed by CAPS and Pease |
| 12/15/15 | 0.60 | Review defendants' reply iso motion for reconsideration |

The Court finds the other hours spent to be reasonable. Taking into account the reduction of hours as detailed above, the Court will allow the recovery of 26.2 hours worked by Bryan Pease at the hourly rate of $425 and 0.85 hours worked by David

2

1  Simon at the hourly rate of $475, for a total of $11,538.75.[1]

2       The Court has examined the 28.5 hours billed by Pease's attorney, Todd T.

3  Cardiff, and finds that those hours were reasonably spent. Therefore, the Court

4  will allow the recovery of 28.5 hours worked by Todd T. Cardiff at the hourly rate

5  of $400 for a total of $11,400.00.

6       For the reasons discussed above, Defendants' motions for attorney's fees

7  are GRANTED. The Court awards Defendant APRL attorney's fees in the amount

8  of $11,538.75. The Court awards Defendant Pease attorney's fees in the amount

9  of $11,400.00. The Clerk shall enter judgment accordingly against Plaintiffs jointly

10  and severally in the above amounts.

11

12  **IT IS SO ORDERED.**

13

14  Dated: June 22, 2016

15  Barry Ted Moskowitz, Chief Judge
    United States District Court

16

17

18  —————————————————

19

20     [1] APRL's moving papers state $14,582.50 as the total amount of attorney's fees. However, the math for the total amount of attorney's fees for Bryan Pease is incorrect. Therefore, according to the Court's calculation, the correct total amount of attorney's fees sought by APRL is $13,272.50.

3

13-cv-2783-BTM-DHB