UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


CIVIL MINUTES - GENERAL


| Case No.: | SA CV 16-01810-AB (GJSx) | Date: | January 20, 2017 |
| --- | --- | --- | --- |

| Title: | *United Poultry Concerns v. Chabad of Irvine et al* |
| --- | --- |

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
| --- | --- |

| Carla Badirian | N/A |
| --- | --- |
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| --- | --- |
| None Appearing | None Appearing |

**Proceedings:**     **[In Chambers] Order GRANTING Defendant's Motion to Dismiss Under Rule 12(b)(1)**

Pending before the Court is Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction ("Motion") pursuant to Rule 12(b)(1).   The hearing date regarding Defendants' Motion is currently set for January 23, 2017.   The Court, however, has determined that it does not require oral argument in this matter.   Rather, upon consideration of the parties' submissions and the case file, the Court hereby GRANTS Defendants' Motion.   Accordingly, the Court takes this matter off of calendar for January 23, 2017.


**Legal Standard**

A 12(b)(1) motion tests whether the court has subject matter jurisdiction to hear the claims alleged in the complaint.   "A Rule 12(b)(1) jurisdictional attack may be facial or factual."   *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).   "In a

facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. *Id.* When a facial attack is made, "the court examines the complaint as a whole to determine whether the plaintiff has alleged a proper basis of jurisdiction." *Watson v. Chessman*, 362 F.Supp.2d 1190, 1194 (S.D. Cal. 2005). When evaluating a facial attack, the court assumes the truth of the complaint's allegations and draws all reasonable inferences in plaintiff's favor. *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). However, courts do not consider evidence outside the pleadings when deciding a facial attack. *See MVP Asset Management (USA) LLC v. Vestbirk*, No. 2:10-cv-02483-GEB-CMK, 2011 U.S. Dist. LEXIS 44822, 2011 WL 1457424, *1 (E.D. Cal. Apr. 14, 2011) ("In light of Defendants' facial jurisdictional attack, the extrinsic evidence Plaintiff submitted in its opposition brief is disregarded"); *Kim-C1, LLC v. Valent Biosciences Corp.*, No. 1:10-cv-591 AWI DLB, 2010 U.S. Dist. LEXIS 64535, 2010 WL 2292289, *3 (E.D. Cal. June 4, 2010) ("Kim's arguments in opposition rely on extrinsic evidence. However, Valent is making a facial challenge, which means that the Court only looks to the face of the petition in order to determine whether there are sufficient factual allegations to support diversity.")


## DISCUSSION

Defendants contend that Plaintiff's Complaint should be dismissed because Plaintiff has failed to allege sufficient facts to establish the existence of complete diversity for the purposes of diversity jurisdiction. (Mot. at 8.) Plaintiffs allege in their complaint that they are a non-profit corporation duly formed and validly existing under the laws of Maryland. (Compl. at 2.) However, Plaintiff's complaint is devoid of any reference to Plaintiff's principal place of business. "In a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Plaintiff's failure to allege their principal place of business mandates dismissal. *Fifty Assocs. v. Prudential Ins. Co.*, 446 F.2d 1187, 1189 (9th Cir. 1970) ("A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment.")

The Plaintiffs have proffered the declaration of United Poultry Concerns Founder and President Karen Davis, Ph.D. in their opposition to the Defendant's 12(b)(1) motion. However, the Defendants have launched a facial attack on the complaint, and thus the court will only look to the face of the complaint, and will not consider any extrinsic evidence.

## **CONCLUSION**

For the foregoing reasons, Defendant's Rule 12(b)(1) facial challenge is GRANTED and the complaint is dismissed.   The Court will dismiss the petition with leave to amend because it is not apparent that amendment would be futile.   If Plaintiff chooses to file an amended complaint, it must make appropriate allegations regarding its place of incorporation and its principal place of business.

Therefore, IT IS HEREBY ORDERED that:

1. The January 23, 2017 hearing date is VACATED;

2. Defendant's Rule 12(b)(1) motion is GRANTED and the petition DISMISSED with leave to amend;   Plaintiff is ORDERED to submit an amended complaint within thirty (30) days of this Order.

3. Defendant's Motion to Strike Complaint pursuant to California Anti-SLAPP Statute Complaint is denied as MOOT

4. Plaintiff's Motion for Preliminary Injunction is Denied as MOOT.

5. Professor Mark Goldfeder's Motion to File Amicus Brief is denied as MOOT.

**IT IS SO ORDERED.**